1  JOAN B. TUCKER FIFE (SBN: 144572)
   jfife@winston.com
2  WINSTON & STRAWN LLP
   101 California Street, 35th Floor
3  San Francisco, CA 94111
   Telephone: (415) 591-1000
4  Facsimile: (415) 591-1400

5
   TRISTAN R. KIRK (SBN: 313262)
6  tkirk@winston.com
   WINSTON & STRAWN LLP
7  333 S. Grand Avenue, 38th Floor
   Los Angeles, CA 90071-1543
8  Telephone:  (213) 615-1700
   Facsimile:   (213) 615-1750
9
   Attorneys for Defendant
10 AVANADE INC.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 MADISON LAIRD, individually, and on        Case No.
16 behalf of all others similarly situated,
                                              (San Francisco County Superior Court
17            Plaintiff,                       Case No.  CGC-23-607346)

18       v.                                   **DEFENDANT'S NOTICE OF
                                              REMOVAL OF CIVIL ACTION TO
19 AVANADE INC., a Washington                 FEDERAL COURT**
   corporation; and DOES 1 through 10,
20 inclusive,                                 Complaint filed: June 28, 2023

21            Defendants.

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1337(a),

3    1367(a), 1441, and 1446, Defendant Avanade Inc. ("Defendant") removes the above-

4    entitled action to this Court from the Superior Court of the State of California for the

5    County of San Francisco. In support of removal, Defendant states as follows:

6    **I.    INTRODUCTION**

7        1.    This case is hereby removed from state court to federal court pursuant to

8    28 U.S.C. §§ 1331 and 1441 because federal courts have original jurisdiction over

9    claims under the federal Fair Credit and Reporting Act and supplemental jurisdiction

10   over the related claims brought under California state law. Therefore, this Court has

11   original jurisdiction under 28 U.S.C. § 1331.

12   **II.   VENUE**

13       2.    The action was filed in the Superior Court for the State of California,

14   County of San Francisco. Venue therefore properly lies in the United States District

15   Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a),

16   1391(b)(2), and 1441(a).

17   **III.   THE STATE COURT ACTION**

18       3.    On June 28, 2023, an action was commenced in the Superior Court of

19   California in and for the County of San Francisco entitled *Madison Laird v. Avanade*

20   *Inc.,* Case No. CGC-23-607346. A true and correct copy of the Complaint is attached

21   as **Exhibit A**. Plaintiff effected service of the Complaint on Defendant on July 19,

22   2023.

23       4.    Plaintiff's Complaint seeks recovery of statutory damages and/or actual

24   damages, punitive damages, injunctive and equitable relief, attorneys' fees and costs,

25   and other relief against Defendant on behalf of himself and a proposed putative class

26   of all of Defendant's current, former and prospective applicants for employment in the

27   United States who applied for a job with Defendant from June 28, 2018 until final

28   judgment is entered in the action, in connection with the following purported claims:

(1) alleged violations of the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"); and (2) alleged violations of the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786, *et seq*. ("ICRAA").

5.      On August 18, 2023, Defendant timely filed and served its Answer to the Complaint in the San Francisco County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit B**.[1]

6.      Attached hereto as **Exhibit C** are true and correct copies of all other process, pleadings, and orders in this action.

## IV.    JOINDER

7.      Defendant has been properly served with a copy of the Complaint and consents to the filing of this Notice of Removal. Defendant is not aware of any other defendant having been served with a copy of the Complaint or being named in the Complaint.

## V.    TIMELINESS OF REMOVAL

8.      This Notice of Removal has been filed within thirty (30) days after Defendant was served with a copy of Plaintiff's Complaint upon which this Notice of Removal is based. This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. § 1446(b) because Plaintiff effected service of the Complaint on Defendant on July 19, 2023.

## VI.    JURISDICTION PURSUANT TO ORIGINAL AND SUPPLEMENTAL JURISDICTION

9.      Removal is governed by 28 U.S.C. § 1441.  A defendant may remove a civil action of which federal courts have original jurisdiction. *Id.* § 1441(a).  In actions in which federal courts have original jurisdiction, federal courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" *Id.* § 1367(a).

---

[1] Defendant has not yet received a conformed copy of the Answer filed on August 18, 2023.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

10.    This Court has original jurisdiction over FCRA claims under 28 U.S.C. § 1331 because they "aris[e] under the Constitution, laws, or treaties of the United States" and § 1337(a) because they "aris[e] under an[] Act of Congress regulating commerce[.]" The crux of Plaintiff's claims is that the disclosure Defendant provided Plaintiff and putative class members before performing background checks on them contained a "distracting and confusing collection of surplusage-laden documents" (Complaint ¶ 58) in violation of FCRA's requirement that the disclosure be "clear and conspicuous." 15 U.S.C. § 1681b(b)(2)(A)(i).

11.    In addition, this Court has supplemental jurisdiction over Plaintiff's state-law claims for alleged violations of ICRAA. A court properly exercises supplemental jurisdiction over "claims that . . . form part of the same case or controversy" as claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a); *see also City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165–66 (1997) (finding that court can exercise supplemental jurisdiction over claims that derive from a "common nucleus of operative facts"). The allegations as to Plaintiff's First Cause of Action (Failure to Make Proper Disclosure in Violation of the FCRA) (Complaint ¶¶ 30-53) and Plaintiff's Third Cause of Action (Failure to Make Proper Disclosure in Violation of the ICRAA) (Complaint ¶¶ 60-73) derive from a common nucleus of operative fact, mirroring each other in substance with the chief differences being citing to the applicable provisions of each respective law (which are also very similar). Other than citing different regulations for each cause of action, Plaintiff alleges no different or additional facts to distinguish them, demonstrating that all the operative facts for the federal and state law causes of action are the same.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of San Francisco to this Court.

1  Dated:  August 18, 2023        WINSTON & STRAWN LLP

2

3                                    By: */s/ Joan B. Tucker Fife*

4                                        Joan B. Tucker Fife
                                         Tristan R. Kirk
5                                        Attorneys for Defendant
                                         AVANADE INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT A

Kane Moon (SBN 249834)
    E-mail: kmoon@moonlawgroup.com
Allen Feghali (SBN 301080)
    E-mail: afeghali@ moonlawgroup.com
Jacquelyne P. VanEmmerik (SBN 339338)
    E-mail: jvanemmerik@ moonlawgroup.com
**MOON LAW GROUP, PC**
1055 W. Seventh St., Suite 1880
Los Angeles, California  90017
Telephone:    (213) 232-3128
Facsimile:    (213) 232-3125

Attorneys for Plaintiff
MADISON LAIRD

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/28/2023**
**Clerk of the Court**
BY: MARK UDAN
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MADISON LAIRD, on behalf of himself, all others similarly situated, | Case No.: |
| | **CGC-23-607346** |
| *Plaintiff,* | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES:** |
| AVANADE, INC., a Washington corporation; and DOES 1 through 10, inclusive, | 1.   Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); |
| *Defendants.* | 2.   Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); |
| | 3.   Violation of California Civil Code § 1786 et seq. (Investigative Consumer Reporting Agencies Act) |

TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   JURISDICTION AND VENUE ........................................................................... 1

III.  PARTIES ............................................................................................................. 2

IV.   CLASS ALLEGATIONS .................................................................................... 3

V.    GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ........................... 5

      A.    Application for Employment .................................................................... 5

      B.    Notice Regarding Background Investigation ........................................... 5

FIRST CAUSE OF ACTION ........................................................................................ 6

FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA ........................... 6

SECOND CAUSE OF ACTION ................................................................................. 12

FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA ................. 12

THIRD CAUSE OF ACTION ..................................................................................... 14

FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA .............................. 14

PRAYER FOR RELIEF ............................................................................................... 17

DEMAND FOR JURY TRIAL ................................................................................... 18

**COMPLAINT**

COMES NOW, Plaintiff Madison Laird (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## I.    **INTRODUCTION**

1.    Plaintiff brings this class action against defendant Avanade, Inc., a Delaware corporation; and DOES 1 through 10, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.    Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks statutory, compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq*., and the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*).

## II.    **JURISDICTION AND VENUE**

4.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." This action is within the Court's jurisdiction pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and California's Unfair Competition Laws, Business and Professions Code § 17200, et seq. ("UCL").

5.    This Court has jurisdiction over Defendants because, upon information and belief, Defendants, and each of them, have sufficient minimum contacts in California and/or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice. The policies, practices and customs of Defendants described herein have resulted in the unjust enrichment of Defendant

and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the Business and Professions Code

6.      Venue is proper in this County pursuant to Code of Civil Procedure section 395(a). Plaintiff is informed and believes, and thereon alleges that Defendants conduct business in this County, and the events complained of herein occurred in this County.

III.    **PARTIES**

7.      Plaintiff is a California resident that worked for Defendants in the County of San Francisco, State of California, as a portfolio manager from approximately December 2020 to April 26, 2022.

8.      Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

9.      Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Avanade, Inc. is:

        (a)     A Delaware corporation with its principal place of business in San Francisco, California, and

        (b)     A business entity conducting business in numerous counties throughout the State of California, including in San Francisco County.

10.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 10, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

11.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

12.     Plaintiff alleges that each and every one of the acts and omissions alleged herein were

performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## IV.    CLASS ALLEGATIONS

13.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382.  This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among many persons who comprise the classes defined below.

14.    **Class Definitions**: The classes are defined as follows:

(a)    **FCRA Class**:  All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

(b)    **ICRAA Class**:  All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

15.    **Revisions to Proposed Class Definitions**: Plaintiff reserves the right to amend or modify the class definitions by further division into subclasses and/or by limitation to particular issues and/or to exclude improper constituents as may subsequently prove necessary.

16.    **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under federal law.

17.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These

questions include, but are not limited to:

    (a)    Whether Defendants willfully failed to provide the class with clear and conspicuous, stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

    (b)    Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

    (c)    Whether Defendants willfully failed to identify the source of the credit report to be performed?

    (d)    Whether Defendants willfully failed to comply with the FCRA and/or the ICRAA?

18.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the FCRA and ICRAA as alleged herein.

19.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

20.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

21.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public

interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**V.    GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22.    When Plaintiff applied for employment with Defendant, Defendants required him to fill out a disclosure and authorization form to perform a background investigation.

23.    The disclosures provided by Defendants contained extraneous and superfluous language that does not consist solely of the disclosure as required by federal and state laws.

24.    Plaintiff was presented with disclosures spread across at least two different forms by Defendants, with some duplicated and some inconsistent language, making it impossible to determine whether all, some, or one of the forms constitutes the disclosures required by law.

**A.    Application for Employment**

25.    Prior to his employment, Plaintiff was required to fill out a lengthy application for employment that contained all manner of extraneous and superfluous language that does not comply with the law as it is not a clear and conspicuous disclosure in a writing that consist solely of the disclosure.

26.    For example, the documents signed by Plaintiff on October 20 and 24, 2020 both referred to Plaintiff's rights under state laws inapplicable to Plaintiff, and to extraneous documents that were not part of the mandated disclosures under FCRA and ICRAA, e.g., a notice regarding background investigation and a summary of Plaintiff's rights under FCRA. The *fourteen* pages of language regarding the background investigation is attached hereto as Exhibit A. [1]

**B.    Notice Regarding Background Investigation**

27.    In addition, on or about October 20, 2020, Plaintiff was given a written job offer (attached hereto as Exhibit B) which indicated that "In accepting this offer, acknowledge the consumer disclosure and authorization for m signed by you as part of the application process. Accordingly, you understand that under the terms of that authorization Avanade is free to perform additional consumer background checks, as set forth in the Fair Credit Reporting Act, throughout the course of your employment with Avanade."

[1] Certain personal information has been redacted.

28.     The Application, the Notice, and California Notice violate the FCRA's standalone requirement in numerous ways, including but not limited to the following:

- The Notice contains numerous provisions about different states, including Massachusetts, Minnesota, New Jersey, New York, and Washington.

- The Notice and California Notice incorporate not one, but two other documents by stating: "I acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT and certify that I have read and understand both of those documents."

29.     Because Exhibit A and B, all refer to background investigations, Plaintiff and other average reasonable class members are likely to view the forms as collectively stating a singular body of information about consumer background checks.  At minimum, it is not possible to ascertain whether one, all, or just some of the pages are intended to constitute the required disclosures. Beyond that, the muddled set of documents contain internally inconsistent information and erroneous or incomplete information. The result is a set of materials (Exhibits A & B) that violate federal and state law in numerous way with respect to consumer background investigations.

## **FIRST CAUSE OF ACTION**

## **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

### **(15 U.S.C. §§ 1681b(b)(2)(A))**

### **(By Plaintiff and the FCRA Class Against All Defendants)**

30.     <u>Incorporation of preceding allegations</u>:  Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

31.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

32.     Plaintiff and **FCRA Class** members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

33.     Section 1681a(d)(1) of the FCRA defines "consumer report" as

any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected

to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

As defined, a credit and background report qualifies as a consumer report.

34.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

As defined, a credit and background report qualifies as an investigative consumer report.

35.    Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

   (A) In general

   Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

      (i) **a *clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

      (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

36.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

37.    As described above, Plaintiff alleges, on information and belief, that in evaluating him and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

38.    The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in a stand-alone document.

39.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or

investigative consumer report for employment purposes unless the disclosure is made in a document that

consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report.

15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  The inclusion of a release and other extraneous information, therefore,

violates § 1681b(b)(2)(A) of the FCRA.

40.    Although the disclosure and the authorization may be combined in a single document, the

Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

information or be part of another document.  For example, in response to an inquiry as to whether the

disclosure may be set forth within an application for employment or whether it must be included in a

separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of
> 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a
> document not encumbered by any other information. The reason for requiring that the
> disclosure be in a stand-alone document is to prevent consumers from being distracted
> by other information side-by-side within the disclosure.

41.    The plain language of the statute also clearly indicates that the inclusion of a liability

release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because

such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly has warned that the

FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC

stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her
> rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate
> Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of
> the disclosure that a consumer report may be obtained for employment purposes.

42.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C §

1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a

consumer's waiver of his or her rights under the FCRA."

43.    The Ninth Circuit has construed the plain language of the FCRA as expressing a clear

congressional intent that *anything* other than the disclosure permitted under the statute and, if desired, an

authorization, violate the standalone requirement of the FCRA.  In *Syed v. M-I, LLC*, 2017 WL M-I, LLC,

853 F.3d 492 (9th Cir. 2017), petition for rev. denied (November 13, 2017) the Ninth Circuit held that

because under the plain language of the FCRA the required disclosure must be in "a document that

**COMPLAINT**

consists solely of the disclosure," the inclusion of surplusage such as a liability release was impermissible: "We must begin with the text of the statute. Where congressional intent has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive . . . . The ordinary meaning of 'solely' is '[a]lone; singly' or entirely exclusively." *Id*. at 500. The Ninth Circuit's holding was not limited to extraneous information constituting liability releases. Instead, the holding was broadly stated, construing the definition of "solely" in a manner that applies with equal force to this action. The Ninth Circuit also held that due to the clarity of the statutory language requiring that the disclosure be in a document consisting "solely" of the disclosure: "a prospective employer's violation of the FCRA is "willful" when the employer includes terms in addition to the disclosure." *Id*. at 505-6. Because *Syed* is dispositive as to the "standalone" requirement imposed under the FCRA, and no intervening authority exists that limits or overrules it, *Syed* is the law of the Circuit.

44.    District Court's have concluded that the holding in *Syed* extends to all forms of extraneous information.  In a similar case pending in the Northern District involving a disclosure that that also references other state law rights, and an acknowledgment of another document (a summary of rights under FCRA), one Court ruled that:

> "Defendants' argument that the Form does not violate § 1681b(b)(2)(A) is without merit. The statute does not require that some *section* be free of extraneous information additional to the disclosure. It requires that the "*document*" be free of such additional information: the *document* must 'consist[] solely of the disclosure,' except that the 'authorization may be made on the document." 15 U.S.C. § 1681b(b)(2)(A) (emphasis added). Further, "[t]he ordinary meaning of 'solely' is '[a]lone'; singly' or [e]ntirely; exclusively.'" *Syed v. M-1, LLC*, 853 F.3d 492, 500 (9th Cir. 2017) (alternations in original) (quoting *American Heritage Dictionary of the English Language 1666* (5th ed. 2011)). The statute contains an express exception to the "solely" requirement: the authorization for "the procurement of the report" (and nothing more) "may be made on the document." 15 U.S.C. § 1681b(b)(2)(A)(ii). Given this explicit singular exception, "the familiar judicial maxim *expression unius est exclusion alterius* counsels against finding additional, implied, exceptions." *Syed*, 853 F.3d at 501.

(*Poinsignon v. Imperva, Inc*., Case No. 3:17-cv-05653-EMC, Docket 34).

45.    In violation of Section 1681b(b)(2)(A) of the FCRA, a number of provisions of Defendant's disclosure documents contain extraneous information that violates the "solely" requirement of the FCRA.

46.    By including a release and other extraneous information, Defendants willfully disregarded

the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

47.    Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates §§ 1681b(b)(2)(A) and 1681d(a). More specifically, the disclosure does not comply with the "clear and conspicuous" requirement because (1) the disclosure provisions are scattered throughout multiple documents; (2) the disclosure is not in all capital letters; (3) the disclosure is not in boldface to set off the required disclosure; (4) the disclosure includes multi-state information that is not a permissible element in an FCRA disclosure and reduces clarity as to what rights each applicant or employee possesses; and, (5) the disclosure provisions are set out in a dense, small font that reduces clarity. The FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain information, without being weighed down by multiple, irrelevant state law references, confusing and contradictory rights summaries, an acknowledgement of receipt of separate documents, and impermissible references to side documents containing information not set forth in the attempted disclosure.

48.    Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)    Defendants are a large entity with access to legal advice;

(b)    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c)    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

(d)    The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

**COMPLAINT**

49.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

50.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

51.     As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and **FCRA Class** members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA. More specifically, Plaintiff and the **FCRA Class** have been injured in the following way:

(a)     Plaintiff suffered a violation of statutory rights whose analogous historical antecedents protected informational and privacy right duties that have been held amenable to the judicial process for centuries. *Sprint Commc'ns Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 285 (2008) ("We find this history and precedent 'well nigh conclusive'" on the question of standing because these "cases and controversies [are] of the sort traditionally amenable to, and resolved by, the judicial process.").

(b)     Congressional judgment has been exercised to state that a consumer experiencing FCRA non-compliance has enforcement rights.  In passing the FCRA, the crucible of congressional concern was protection of consumer information that would or *might* impact the consumer and the banking system within which they operate, and to establish credit reporting practices that utilize accurate, relevant, and current

information in a confidential and responsible manner.  That the rights recognized by the FCRA are, in many instances, intangible, does not lessen their importance; intangible rights have long been recognized as highly worthy of protection and amenable to Article III standing.  Plaintiff has suffered an actionable statutory violation that confers Article III standing, in part, through the clear exercise of congressional judgment.

(c)    Plaintiff suffered an information injury in that information he was entitled to receive in a specific manner and format was not provided as specified by statute.

(d)    A violation of statutorily protected privacy rights gives rise to a concrete injury. Plaintiff has alleged that statutorily protected privacy rights were violated through Defendants' non-compliance with the requirements of the FCRA.

(e)    Plaintiff was deprived of the opportunity to evaluate a clear disclosure of specifically what would occur with respect to his private consumer information without the distracting and confusing collection of surplusage-laden documents that did not make clear whether all, some or just one were intended to constitute the disclosures requires under state and federal law.

52.    Plaintiff, on behalf of himself and all **FCRA Class** members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

53.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class Against All Defendants)

54.    Incorporation of preceding allegations:  Plaintiff incorporates all paragraphs of this

Complaint as if fully alleged herein.

55.    Section 1681d provides:

(a) Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;

(2) is ***made in a writing mailed, or otherwise delivered***, to the consumer, not later than three days after the date on which the report was first requested, and

(3) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section *and **the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title;

(Emphasis added.)

56.    Subsection (b) of Section 1681d(a)(1) provides:

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a ***complete and accurate disclosure of the nature and scope of the investigation requested***; (Emphasis Added).  This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

57.    Defendant did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

58.    As a result of Defendants' failure to provide required disclosures, as set forth above, Plaintiff and **FCRA Class** members have been injured including, but not limited to, having their statutory rights to information violated.  More specifically, Plaintiff has been injured in the following way:

(a)    Plaintiff suffered a violation of statutory rights whose analogous historical antecedent protected informational right duties that have been held amenable to the judicial process for centuries. *Sprint Commc'ns Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 285 (2008) ("We find this history and precedent 'well nigh

conclusive'" on the question of standing because these "cases and controversies [are] of the sort traditionally amenable to, and resolved by, the judicial process.").

(b)    Congressional judgment has been exercised to state that a consumer experiencing FCRA non-compliance has enforcement rights.  In passing the FCRA, the crucible of congressional concern was protection of consumer information that would or *might* impact the consumer and the banking system within which they operate, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.  That the rights recognized by the FCRA are, in many instances, intangible, does not lessen their importance; intangible rights have long been recognized as highly worthy of protection and amenable to Article III standing.  Plaintiff has suffered an actionable statutory violation that confers Article III standing, in part, through the clear exercise of congressional judgment.

(c)    Plaintiff suffered an information injury in that information he was entitled to receive in a specific manner and format was not provided as specified by statute.

(d)    Plaintiff was deprived of the opportunity to evaluate a clear disclosure of specifically what would occur with respect to his private consumer information without the distracting and confusing collection of surplusage-laden documents that did not make clear whether all, some or just one were intended to constitute the disclosures requires under state and federal law.

59.    Plaintiff, on behalf of himself and all **FCRA Class** members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

## **THIRD CAUSE OF ACTION**

## **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA**

### **(Cal. Civ. Code § 1786 *et seq.*)**

### **(By Plaintiff and the ICRAA Class Against All Defendants)**

60.    Incorporation of preceding allegations:  Plaintiff incorporates all paragraphs of this

**COMPLAINT**

Complaint as if fully alleged herein.

61.     Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

62.     Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

63.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

Thus a background checks qualifies as an investigative consumer report under the ICRAA

64.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report.

(Emphasis added.)

65.     As described above, Plaintiff alleges that in evaluating him and other **ICRAA Class** members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

66.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

67.     Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under ICRAA. Exhibit B attached hereto contains all of the extraneous surplusage identified hereinabove in Exhibit A.

68.     By including other extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

69.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above.  Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and **ICRAA Class** members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

70.     Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and **ICRAA Class** members. Defendants' willful conduct is reflected by, among other things, the following facts:

        (a)     Defendants are a large entity with access to legal advice;

        (b)     Defendants required a purported authorization to perform credit and background

checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

71.     As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and **ICRAA Class** members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

72.     Plaintiff, on behalf of himself and all **ICRAA Class** members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

73.     In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiff be appointed class representative;

C.  An order that counsel for Plaintiff be appointed class counsel;

D.  Statutory penalties;

E.  Civil penalties;

F.  Punitive damages, if available;

G.  Injunctive relief, if available;

**COMPLAINT**

H.  Costs of suit;

I.  Interest;

J.  Restitution;

K.  Reasonable attorneys' fees; and

L.  Such other relief as the Court deems just and proper or as authorize by statute.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 28, 2023                **MOON & YANG, APC**

By: _____
Kane Moon
Allen Feghali
Jacquelyne VanEmmerik

Attorneys for Plaintiff
Madison Laird

**COMPLAINT**

EXHIBIT A

# OTHER DISCLOSURES, ACKNOWLEDGMENTS & AUTHORIZATIONS REGARDING BACKGROUND INVESTIGATION FOR EMPLOYMENT PURPOSES

## Disclosures

*Investigative Consumer Report:*

 Avanade, Inc  (the "Company") may request an  nvest gat ve consumer report about you from H reR ght, LLC ("H reR ght"), a consumer report ng agency,  n connect on w th the  mpl oyment, or app  cat on for emp oyment, or engagement for serv ces ( nc ud ng  ndependent  contractor  or  vo unteer  ass gnments,  as app  cab e)  An  " nvest gat ve  consumer  report"  s  a background report  that  nc udes  nformat on  from  persona   nterv ews  (except  n Ca  forn a,  where  that  term  nc udes background  reports  w th  or w thout  nformat on  obta ned  from  persona   nterv ews),  the  most  common  form  of  wh ch  s check ng persona  or profess ona  references through persona   nterv ews w th sources such as your former emp oyers and assoc ates,  and  other  nformat on sources  The  nvest gat ve  consumer  report  may  conta n  nformat on  concern ng your character,  genera  reputat on, persona  character st cs, mode of   v ng, or cred t stand ng  You may request more  nformat on about the nature and scope of an  nvest gat ve consumer report,  f any, by contact ng the Company

*Ongoing Authorization:*

If the Company h res you or contracts for your serv ces, the Company may obta n add t ona  consumer reports and  nvest gat ve consumer reports about you w thout ask ng for your author zat on aga n, throughout your emp oyment or your contract per od, as a  owed by  aw

*Additional State Law Notices:*

P ease see the "Add t ona  State Law Not ces" for Ca  forn a, Massachusetts, M nnesota, New Jersey, New York, and Wash ngton that are prov ded be ow, as app  cab e  A Ca  forn a d sc osure and summary of your r ghts under Ca  forn a C v  Code Sect on 1786 22, and a copy of New York Art c e 23 A, are be ng prov ded to you separate y

*Summary of Rights under the Fair Credit Reporting Act:*

A summary of your r ghts under the Fa r Cred t Report ng Act  s be ng prov ded to you separate y

*San Francisco Fair Chance Ordinance Official Notice:*

A copy of the San Franc sco Fa r Chance Ord nance Off c a  Not ce  s be ng prov ded to you separate y

*HireRight Privacy Policy:*

Informat on about H reR ght s pr vacy pract ces  s ava  ab e at www h rer ght com/Pr vacy Po  cy aspx

## Acknowledgments & Authorization

I acknow edge that I have rece ved and carefu  y read and understand the separate "D sc osure and Author zat on Regard ng Background Invest gat on for Emp oyment Purposes"; and the separate "Summary of R ghts under the Fa r Cred t Report ng Act" that have been prov ded to me by the Company  I a so acknow edge rece pt of and that I have carefu  y read and understand (as app  cab e),  the separate Ca  forn a  D sc osure and Summary of R ghts under Ca  forn a C v  Code Sect on 1786 22; the separate New York Art c e 23 A; and the separate San Franc sco Fa r Chance Ord nance Offic a  Not ce that have been prov ded to me

By my s gnature be ow, I author ze the preparat on of background reports about me,  nc ud ng background reports that are " nvest gat ve consumer reports" by H reR ght, and  to the  furn sh ng of such background  reports  to  the Company and  ts des gnated representat ves and agents, for the purpose of ass st ng the Company  n mak ng a determ nat on as to my e  g b  ty for  emp oyment  or  engagement  for  serv ces ( nc ud ng  ndependent  contractor  or  vo unteer  ass gnments,  as app  cab e), promot on, retent on or for other  awfu  emp oyment purposes  I understand that  f the Company h res me or contracts for my serv ces, my consent w   app y, and the Company may, as a  owed by  aw, obta n from H reR ght (or from a consumer report ng agency other  than  H reR ght)  add t ona   background  reports  perta n ng  to me,  w thout  ask ng  for  my  author zat on  aga n, throughout my emp oyment or contract per od

I  understand  that  f  the Company  obta ns  a  cred t  report  about  me, then  t w   on y  do  so where  such  nformat on  s substant a  y re ated to the dut es and respons b  t es of the pos t on  n wh ch I am engaged or for wh ch I am be ng eva uated

I understand that  nformat on conta ned  n my emp oyment (or contractor or vo unteer) app  cat on, or otherw se d sc osed by me before or dur ng my emp oyment (or contract or vo unteer ass gnment),  f any, may be used for the purpose of obta n ng and eva uat ng background reports on me  I a so understand that noth ng here n sha   be construed as an offer of emp oyment or contract for serv ces

I understand that the  nformat on  nc uded  n the background reports may be obta ned from pr vate and pub  c record sources,  nc ud ng w thout   m tat on and  as  appropr ate  government  agenc es  and courthouses;  educat ona   nst tut ons;  and emp oyers  Accord ng y, I hereby author ze a   of the fo ow ng, to d sc ose  nformat on about me to the consumer report ng agency and  ts agents   aw enforcement and a   other federa , state and  oca  government agenc es and courts; educat ona  nst tut ons (pub  c or pr vate); test ng agenc es;  nformat on serv ce bureaus; cred t bureaus and other consumer report ng agenc es; other pub  c and pr vate record/data repos tor es; motor veh c e records agenc es; my emp oyers; the m   tary; and a other  nd v dua s and sources w th any  nformat on about or concern ng me  The  nformat on that can be d sc osed to the consumer report ng agency and  ts agents  nc udes, but  s not   m ted to,  nformat on concern ng my  emp oyment and earn ngs

AVANADE0035

h story; educat on, cred t, motor veh c e and acc dent h story; drug/a coho  test ng resu ts and h story; cr m na  h story;  t gat on h story; m  tary serv ce; profess ona   censes, credent a s and cert f cat ons; soc a  secur ty number ver f cat on; address and a  as h story; and other  nformat on

By my s gnature be ow, I a so prom se that the persona  nformat on I prov de w th th s form or otherw se  n connect on w th my background  nvest gat on  s true, accurate and comp ete, and I understand that d shonesty or mater a  om ss on may d squa  fy me from cons derat on for emp oyment  I agree that a copy of th s document  n faxed, photocop ed or e ectron c ( nc ud ng e ectron ca y s gned) form w  be va d  ke the s gned or g na  I further acknow edge that I have rece ved add t ona  state  aw not ces that I have rev ewed and read

## Additional State Law Notices

P ease a so note the fo ow ng

---

**CALIFORNIA:** Pursuant to sect on 1786 22 of the Ca forn a C v  Code, you may v ew the f e ma nta ned on you by the consumer report ng agency dur ng norma  bus ness hours  You may a so obta n a copy of th s f e, upon subm tt ng proper  dent f cat on and pay ng the actua  copy ng costs, by appear ng at the consumer report ng agency's off ces  n person, dur ng norma  bus ness hours and on reasonab e not ce, or by cert f ed ma   You may a so rece ve a summary of the f e by te ephone, upon subm tt ng proper  dent f cat on and wr tten request  The consumer report ng agency has tra ned personne  ava ab e to exp a n your f e to you, nc ud ng any coded  nformat on, and w   prov de a wr tten exp anat on of any coded  nformat on conta ned  n your f e  If you appear  n person, you may be accompan ed by one other person, prov ded that person furn shes proper  dent f cat on  "Proper  dent f cat on"  nc udes documents such as a va d dr ver's  cense, soc a  secur ty account number, m  tary  dent f cat on card, and cred t cards  If you cannot  dent fy yourse f w th such  nformat on, the consumer report ng agency may requ re add t ona   nformat on concern ng your emp oyment and persona  or fam y h story to ver fy your  dent ty

H reR ght, LLC ("H reR ght") w   prepare the background report for the Company  H reR ght  s ocated and can be contacted at 3349 M che son Dr ve, Su te 150, Irv ne, CA 92612, (800) 400 2761  Informat on about H reR ght s pr vacy pract ces  s ava ab e at [www h rer ght com/Pr vacy Po cy aspx](www h rer ght com/Pr vacy Po cy aspx)

Add t ona  Ca forn a spec f c  nformat on  s set out be ow

---

**MASSACHUSETTS:** Upon request to the Company, you have the r ght to know whether the Company requested an  nvest gat ve consumer report about you and, upon wr tten request to the Company, you have the r ght to rece ve a copy of any such report  You a so have the r ght to ask the consumer report ng agency (e g , H reR ght) for a copy of any such report

---

**MINNESOTA:** You have the r ght  n most c rcumstances to subm t a wr tten request to the consumer report ng agency (e g , H reR ght) for a comp ete and accurate d sc osure of the nature and scope of any consumer report the Company ordered about you  The consumer report ng agency must prov de you w th th s d sc osure w th n 5 days after ( ) ts rece pt of your request or ( ) the date the report was requested by the Company, wh chever date  s ater

---

**NEW JERSEY:** You have the r ght to subm t a request to the consumer report ng agency (e g , H reR ght) for a copy of any  nvest gat ve consumer report the Company requested about you

---

**NEW YORK:** You have the r ght, upon wr tten request to the Company, to be  nformed of whether or not the Company requested a consumer report or an  nvest gat ve consumer report about you  Shown above  s the address and te ephone number for H reR ght, the consumer report ng agency used by the Company  You may  nspect and rece ve a copy of any such report by contact ng that consumer report ng agency  A copy of Art c e 23 A of the New York Correct on Law  s a so prov ded be ow

---

AVANADE0036

**WASHINGTON STATE:** If the Company requests an nvest gat ve consumer report, you have the r ght, upon wr tten request made to the Company w th n a reasonab e per od of t me after your rece pt of th s d sc osure, to rece ve from the Company a comp ete and accurate d sc osure of the nature and scope of the nvest gat on requested by the Company. You are ent t ed to th s d sc osure w th n 5 days after the date your request s rece ved or the Company ordered the report, wh chever s ater. You a so have the r ght to request a wr tten summary of your r ghts and remed es under the Wash ngton Fa r Cred t Report ng Act.

☐ P ease check th s box f you wou d ke to rece ve a free copy of your background report.

Cand date Last Name     La rd     F rst     Mad son     M dd e     Da as

Cand date S gnature        Date    Oct 24, 2020

**Electronic Signature**

**Email:** ████████████████
**SSN:** ████ ██
**IP Address:** ████████
**Dated:** Oct 24, 2020 23 52 Pac f c Standard T me

AVANADE0037

*Para información en español, visite [www.consumerfinance.gov/learnmore](www.consumerfinance.gov/learnmore) o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.*

## A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under FCRA. **For more information, including information about additional rights, go to [www.consumerfinance.gov/learnmore](www.consumerfinance.gov/learnmore) or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

  - o a person has taken adverse action against you because of information in your credit report;
  - o you are the victim of identity theft and place a fraud alert in your file;
  - o your file contains inaccurate information as a result of fraud;
  - o you are on public assistance;
  - o you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See [www.consumerfinance.gov/learnmore](www.consumerfinance.gov/learnmore) for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer

1

AVANADE0038

reporting agency, the agency must investigate unless your dispute is frivolous.  See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.**  Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days.  However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.**  In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.**  A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business.  The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.**  A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer.  Written consent generally is not required in the trucking industry.  For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.**  Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address form the lists these offers are based on.  You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- The following FCRA right applies with respect to nationwide consumer reporting agencies**:**

**CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE**

**You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.**  The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent.  However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost.  An initial fraud alert is a 1-year alert that is

2

AVANADE0039

placed on a consumer's credit file.  Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit.  If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account.  Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

- **You may seek damages from violators.**  If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.**  For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws.  In some cases, you may have more rights under state law.  For more information, contact your state or local consumer protection agency or your state Attorney General.  For information about your federal rights, contact:**

3

AVANADE0040

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street, N.W.<br>Washington, DC 20552<br><br>b. Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br>(877) 382-4357 |
| 2. To the extent not included in item 1 above:<br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br><br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050<br><br>b. Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br><br>c. FDIC Consumer Response Center<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d. National Credit Union Administration<br>Office of Consumer Financial Protection (OCFP)<br>Division of Consumer Compliance Policy and Outreach<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590 |
| 4. Creditors Subject to the Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street, S.W.<br>Washington, DC 20423 |
| 5. Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, S.W., Suite 8200<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street, N.E.<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br>(877) 382-4357 |

4

AVANADE0041

# (CALIFORNIA APPLICANTS/EMPLOYEES ONLY)

# CALIFORNIA DISCLOSURE

The Company may order one or more investigative consumer reports that contains information about your character, general reputation, personal characteristics, and mode of living in connection with your employment, or application for employment, or engagement for services (including independent contractor or volunteer assignments, as applicable). The specific types of information about you that may be obtained in accordance with this Disclosure are the following:

- Criminal Felony & Misdemeanor
- SSN Validation
- Education Report
- Self Adjudication 3.0
- Employment Report
- Federal Criminal
- SSN Trace
- National Sex Offender Registry
- Global Sanctions & Enforcement
- Widescreen Plus National Criminal Search

To the extent that Company hires you, or you already work for the Company, the Company may also order additional investigative consumer reports about you for the type of information described above and/or use services that monitor for changes and can result in additional investigative consumer reports about you that include the types of information described above.

The investigative consumer reporting agency, HireRight, LLC ("HireRight"), will prepare the background report for the Company. HireRight can be contacted at 3349 Michelson Drive, Suite 150, Irvine, CA 92612, (800) 400-2761, www.hireright.com. Information about HireRight's privacy practices is available at www. hireright.com/Privacy-Policy.aspx.

# A SUMMARY OF YOUR RIGHTS UNDER CALIFORNIA CIVIL CODE SECTION 1786.22

(a) An investigative consumer reporting agency shall supply files and information required under Section 1786.10 during normal business hours and on reasonable notice.

(b) Files maintained on a consumer shall be made available for the consumer's visual inspection, as follows:

   (1) In person, if he appears in person and furnishes proper identification. A copy of his file shall also be available to the consumer for a fee not to exceed the actual costs of duplication services provided.

   (2) By certified mail, if he makes a written request, with proper identification, for copies to be sent to a specified addressee. Investigative consumer reporting agencies complying with requests for certified mailings under this section shall not be liable for disclosures to third parties caused by mishandling of mail after such mailings leave the investigative consumer reporting agencies.

   (3) A summary of all information contained in files on a consumer and required to be provided by Section 1786.10 shall be provided by telephone, if the consumer has made a written request, with proper identification for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or charged directly to the consumer.

AVANADE0042

(c) The term "proper identification" as used in subdivision (b) shall mean that information generally deemed sufficient to identify a person. Such information includes documents such as a valid driver's license, social security account number, military identification card, and credit cards. Only if the consumer is unable to reasonably identify himself with the information described above, may an investigative consumer reporting agency require additional information concerning the consumer's employment and personal or family history in order to verify his identity.

(d) The investigative consumer reporting agency shall provide trained personnel to explain to the consumer any information furnished him pursuant to Section 1786.10.

(e) The investigative consumer reporting agency shall provide a written explanation of any coded information contained in files maintained on a consumer. This written explanation shall be distributed whenever a file is provided to a consumer for visual inspection as required under Section 1786.22.

(f) The consumer shall be permitted to be accompanied by one other person of his choosing, who shall furnish reasonable identification. An investigative consumer reporting agency may require the consumer to furnish a written statement granting permission to the consumer reporting agency to discuss the consumer's file in such person's presence.

AVANADE0043

**(NEW YORK APPLICANTS ONLY)**

**NEW YORK CORRECTION LAW**
**ARTICLE 23-A**

**LICENSURE AND EMPLOYMENT OF PERSONS PREVIOUSLY**
**CONVICTED OF ONE OR MORE CRIMINAL OFFENSES**

Section 750. Definitions.

751. Applicability.

752. Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited.

753. Factors to be considered concerning a previous criminal conviction; presumption.

754. Written statement upon denial of license or employment.

755. Enforcement.

§750. Definitions. For the purposes of this article, the following terms shall have the following meanings:

(1) "Public agency" means the state or any local subdivision thereof, or any state or local department, agency, board or commission.

(2) "Private employer" means any person, company, corporation, labor organization or association which employs ten or more persons.

(3) "Direct relationship" means that the nature of criminal conduct for which the person was convicted has a direct bearing on his fitness or ability to perform one or more of the duties or responsibilities necessarily related to the license, opportunity, or job in question.

(4) "License" means any certificate, license, permit or grant of permission required by the laws of this state, its political subdivisions or instrumentalities as a condition for the lawful practice of any occupation, employment, trade, vocation, business, or profession. Provided, however, that "license" shall not, for the purposes of this article, include any license or permit to own, possess, carry, or fire any explosive, pistol, handgun, rifle, shotgun, or other firearm.

(5) "Employment" means any occupation, vocation or employment, or any form of vocational or educational training. Provided, however, that "employment" shall not, for the purposes of this article, include membership in any law enforcement agency.

§751. Applicability. The provisions of this article shall apply to any application by any person for a license or employment at any public or private employer, who has previously been convicted of one or more criminal offenses in this state or in any other jurisdiction, and to any license or employment held by any person whose conviction of one or more criminal offenses in this state or in any other jurisdiction preceded such employment or granting of a license, except where a mandatory forfeiture, disability or bar to employment is imposed by law, and has not been removed by an executive pardon, certificate of relief from disabilities or certificate of good conduct. Nothing in this article shall be construed to affect any right an employer may have with respect to an intentional misrepresentation in connection with an application for employment made by a prospective employee or previously made by a current employee.

§752. Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited. No application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely

AVANADE0044

by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:

(1) There is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or

(2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

§753. Factors to be considered concerning a previous criminal conviction; presumption.

1. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall consider the following factors:

(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.

(b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.

(c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.

(d) The time which has elapsed since the occurrence of the criminal offense or offenses.

(e) The age of the person at the time of occurrence of the criminal offense or offenses.

(f) The seriousness of the offense or offenses.

(g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.

(h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

2. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein.

§754. Written statement upon denial of license or employment. At the request of any person previously convicted of one or more criminal offenses who has been denied a license or employment, a public agency or private employer shall provide, within thirty days of a request, a written statement setting forth the reasons for such denial.

§755. Enforcement.

1. In relation to actions by public agencies, the provisions of this article shall be enforceable by a proceeding brought pursuant to article seventy-eight of the civil practice law and rules.

2. In relation to actions by private employers, the provisions of this article shall be enforceable by the division of human rights pursuant to the powers and procedures set forth in article fifteen of the executive law, and, concurrently, by the New York city commission on human rights.

AVANADE0045



# City & County of San Francisco Fair Chance Ordinance

Post Where Employees Can Read Easily. Failure to post this notice may result in penalties.

## OFFICIAL NOTICE

**Under the San Francisco Fair Chance Ordinance, employers must follow strict rules regarding criminal records.**
Employers 5 or more employees worldwide and all City contractors must comply.

- Employers MAY NOT ask about arrests or convictions on a job application.

- Employers MAY NOT conduct a background check or ask about criminal records until AFTER making a conditional offer of employment.

- Employers may only consider convictions that are directly related to the job, and may never consider 7 types of arrests or convictions, including convictions that are more than 7 years old (see www.sfgov.org/olse/fco).

- Before an employer rejects an applicant based on a background check, the employer must: notify the applicant and provide a copy of the background check; give the applicant 7 days to respond; reconsider based on evidence the applicant provides.

**For more information, visit www.sfgov.org/olse/fco or call the San Francisco Fair Chance hotline at (415) 554-5192.**

## AVISO OFICIAL - Ordenanza de Oportunidades Equitativas de San Francisco

Correo donde los empleados pueden leer fácilmente. La falta de publicación de este aviso puede resultar en sanciones.

**De conformidad a la Ordenanza de Oportunidades Equitativas de San Francisco, los empleadores deben seguir reglas estrictas con respecto a los antecedentes penales.**
Los empleadores con 5 o más empleados en todo el mundo y todos los contratistas de la Ciudad deben cumplir con las reglas.

- Los empleadores NO DEBEN preguntar sobre arrestos o condenas en una solicitud de empleo.

- Los empleadores NO DEBEN realizar una revisión de antecedentes ni preguntar acerca de antecedentes penales hasta DESPUÉS de hacer una oferta condicional de empleo.

- Los empleadores sólo pueden considerar las condenas que estén directamente relacionadas con el trabajo, y nunca deben considerar 7 tipos de arrestos o condenas, incluyendo las condenas que tienen más de 7 años de antigüedad (véase www.sfgov.org/olse/fco).

- Antes de rechazar a un candidato en base a una verificación de antecedentes, el empleador debe: notificar al candidato y proporcionarle una copia de la verificación de antecedentes; darle al candidato 7 días para responder; reconsiderar en base a la evidencia que el candidato presente.

**Para obtener más información visite www.sfgov.org/olse/fco o llame a la línea directa de Oportunidades Equitativas de San Francisco al (415) 554-5192.**

AVANADE0046



# City & County of San Francisco
# Fair Chance Ordinance

Post Where Employees Can Read Easily. Failure to post this notice may result in penalties.

## 正式通告 · 舊金山公平機會條例

請張貼在僱員容易看到的地方。未張貼此通知可能會導致懲罰。

根據舊金山公平機會條例，雇主必須遵守關於犯罪紀錄的嚴格規定。於全球各地擁有五位或以上員工的雇主以及所有市府承包商，皆必須遵守規定。

- 雇主不得於應徵申請表格里詢問是否有拘捕或刑事有罪判決紀錄。
- 雇主僅可以在提供有條件錄取求職者後詢問是否有犯罪紀錄或進行背景調查。
- 雇主僅能考量與個人從事該工作直接相關的刑事有罪判決，而且不得考慮七種類型的拘捕或刑事有罪判決包括七年以前的刑事有罪判決（請見www.sfgov.org/olse/fco）。
- 雇主根據背景調查拒絕求職者之前必須：通知求職者並提供背景調查結果的副本；給予求職者七天的時間做出回應；依據求職者提供的證據重新考量。

欲查詢更多資訊，請瀏覽 **www.sfgov.org/olse/fco** 或致電舊金山公平機會條例專線 **(415) 554-5192.**

## OPISYAL NA ABISO - Ang Ordinansa ng Makatarungang Pagkakataon ng San Francisco

Post Saan empleyado Puwede Basahin Madaling.  Ang pagkabigong mag-post ng paunawang ito ay  maaaring magresulta sa mga multa.

**Sa ilalim ng Batas para sa Patas na Pagkakataon (Fair Chance Ordinance), kailangang sundin ng mga taga-empleyo ang mahihigpit na patakaran ukol sa mga kriminal na rekord.** Kailangang sumunod ang mga employer may 5 o higit pang empleyado sa buong mundo at kailangan ding sumunod ng lahat ng kontratista ng Lungsod.

- HINDI PUWEDENG magtanong ang mga employer tungkol sa mga pagka-aresto o hatol ng korte sa aplikasyon para sa trabaho.

- HINDI PUWEDENG magsagawa ang mga employer ng background check (pag-iimbestiga sa nakaraan), o magtanong tungkol sa mga kriminal na rekord hanggang sa MATAPOS ang pagbibigay ng kondisyonal na alok ng trabaho.

- Ang mga hatol ng korte na may direktang kinalaman lamang sa trabaho ang posibleng isaalang-alang ng mga employer at hindi kailanman dapat isaalang-alang ang 7 uri ng pag-aresto o hatol ng korte, kasama na ang mga hatol na 7 taong gulang na (tingnan ang www.sfgov.org/olse/fco).

- Bago tanggihan ng employer ang aplikante batay sa background check, kailangan muna nilang gawin ang mga sumusunod: abisuhan ang aplikante at magbigay ng kopya ng background check; bigyan ang aplikante ng 7 araw para sumagot; muling pag-isipan ito batay sa ebidensiyang ipagkakaloob ng aplikante.

**Para sa iba pang impormasyon, bisitahin ang  www.sfgov.org/olse/fco o tawagan ang San Francisco Fair Chance sa teleponong (415) 554-5192.**

AVANADE0047

## DISCLOSURE AND AUTHORIZATION REGARDING BACKGROUND INVESTIGATION FOR EMPLOYMENT PURPOSES

### Disclosure

 Avanade, Inc  (the "Company") may request from a consumer report ng agency  and  for emp oyment re ated purposes, a "consumer report(s)" (common y known as "background reports") conta n ng background  nformat on about you  n connect on w th  your  emp oyment,  or  app  cat on  for  emp oyment,  or  engagement  for  serv ces ( nc ud ng  ndependent  contractor  or vo unteer ass gnments, as app  cab e)

H reR ght, LLC ("H reR ght") w   prepare or assemb e the background reports for the Company  H reR ght  s  ocated and can be contacted at 3349 M che son Dr ve, Su te 150, Irv ne, CA 92612, (800) 400 2761, www h rer ght com

The  background  report(s)  may  conta n  nformat on  concern ng  your  character,  genera  reputat on,  persona  character st cs, mode of   v ng, or cred t stand ng  The types of background  nformat on that may be obta ned  nc ude, but are not   m ted to cr m na  h story;   t gat on h story; motor veh c e record and acc dent h story; soc a  secur ty number ver f cat on; address and a  as h story; cred t h story; ver f cat on of your educat on, emp oyment and earn ngs h story; profess ona   cens ng, credent a and cert f cat on checks; drug/a coho  test ng resu ts and h story; m   tary serv ce; and other  nformat on

### Authorization

I hereby author ze Company to obta n the consumer reports descr bed above about me

| Cand date Last Name | La rd | F rst | Mad son | M dd e | Da as |
|---|---|---|---|---|---|

Cand date S gnature          Date    Oct 24, 2020

| **Electronic Signature** |
|---|
| **Email:** ███████████████ |
| **SSN:** ████ ███ |
| **IP Address:** ██████████ |
| **Dated:**  Oct 24, 2020  23 51 Pac f c Standard T me |

# EXHIBIT B

DocuSign Envelope ID: 4CCF50AF-8C75-415F-8525-CBD0183FF204



20 Oct 2020

Madison Laird

███████████████████

Dear Madison

Avanade is pleased to offer you the position of Group Manager  Cloud Transformation Architect in our  nfrastructure Talent Community  Your tentative start date will be 09 Nov 2020  This position is based in the Midwest Region and is located in Chicago
 L

Your compensation and benefits package will be as follows

**Compensation**

S████     per year  payable  two times per month  Avanade currently performs annual pay reviews in the Fall  (September
November)  Eligibility for a salary review is based upon  your date of hire  performance  overall business need and market conditions  and is at Avanade's discretion  Please check with your HR representative for further details

**Signing Bonus**

Avanade will pay you a one time Signing Bonus of $████    less applicable taxes and withholding ("Signing Bonus") within one month after your start date  This amount will be paid in advance and earned incrementally each pay period over the first year of your employment with Avanade (calculation determined by taking the total amount of the Signing Bonus and dividing it by the number of pay periods within the first year of employment)

 n the event that you resign  or your employment is terminated by Avanade for reasons related to your performance or conduct prior to your first anniversary of employment  you agree that  within thirty (30) days after your last day of employment  you will repay to Avanade the unearned amount of the Signing Bonus  Your signature below represents your authorization and consent for Avanade to withhold and deduct such amount from your final paycheck  Any portion of the repayment obligation that is not deducted from your final paycheck must be paid by you to Avanade by certified check

**Short-Term Incentive**

Your position qualifies you for participation in the Avanade  nc  Short Term  ncentive Program ("ST  Program")  an annual (fiscal year) bonus program  Eligibility to receive a bonus award under the ST P Program is governed by the written terms and conditions of the ST P Program  Payments to eligible participants will be determined once the achievement metrics are calculated  and are less applicable taxes and deductions  Company management reserves the right to extend this  payment period for any reason in its sole discretion  The ST  Program may be modified or revoked by Avanade in its sole discretion  at any time  without prior notice to you

**Paid Time Off (PTO)**

You will be eligible to accrue Paid Time Off (PTO) according to our standard company policy

**Relocation**

This offer of employment with Avanade is subject to your relocation to Chicago  L from San Jose  California at your own expense and within 90 days of the estimated start date as identified above   f you do not relocate within this time frame  it could impact your employment status up to and including termination

**Health Benefits**

You will be eligible for all standard Avanade sponsored health benefits  available to other U S based eligible Avanade employees starting on your first day of employment

Health related benefits currently include medical  with vision  dental  life  dependent life  disability  flexible spending accounts  and an Employee Assistance Program

Please review the summary plan description for full details regarding terms and conditions

**401(k) Plan**

Eligible employees may contribute from 1% to 75% of base pay as a pre tax or Roth after tax contribution up to the  RS limits under the Company's 401(k) plan  Eligible Employees may enroll and are immediately eligible for employer matching contributions as of their hire date  Avanade provides a matching contribution equal to 50% on the first 6% of eligible compensation deferred per pay period  All contributions  including the company matching contributions are immediately 100% vested  The official plan documents will govern the terms and conditions of the plan  You may review a summary of the plan's terms in the summary plan description

**Extended Benefits**

Avanade will incur the expense of certain additional items for your use ("Extended Benefits Expenses") per the terms and conditions of the company's Extended Benefits policy  Such items are generally intended to support the Avanade value  "We innovate with passion and purpose"  to assist with day to day work efficiency  and to support work/life balance

As a full–time employee (minimum of 30 hours per week)  you are eligible for Extended Benefits allowances beginning on your start date  Your first annual Extended Benefit amount will be pro rated based on your hire date   f your start date is between the 1st and 15th of the month  you will receive a full month's allowance  However if you begin employment on the 16th or later during the month  your Extended Benefits allowance will be calculated starting the 1st of the following month

 f you voluntarily terminate your employment  or your employment is involuntarily terminated for any reason other than a reduction in workforce prior to your first anniversary of employment  you agree that you will repay to Avanade the Extended Benefits Expenses used  within thirty (30) days of your employment termination  You further agree that Avanade may withhold and deduct from your final pay check any amount you are required to repay for this purpose

**Terms**

AVANADE0052

DocuSign Envelope ID: 4CCF50AF-8C75-415F-8525-CBD0183FF204

This offer letter is not a contract of employment for any specific or minimum term **The employment Avanade offers you is terminable at will.** This means that our employment relationship is voluntary  You may resign your employment  and Avanade likewise may terminate your employment  at any time  for any reason  with or without cause or advance notice  Any prior oral or written representations (including email) to the contrary are void  and any future representations to the contrary are also void and should not be relied upon unless they are contained in a written employment contract signed by an officer of Avanade and expressly state the company's intent to modify the at will nature of your employment  Please also note that we may modify or eliminate benefit programs from time to time in our sole discretion

This offer is contingent upon your providing Avanade  nc  with proof of legal authorization to work in the United States in the position  as offered by Avanade  nc  the successful completion of a  background investigation and any other client required investigation  and also your signing the Business Protection Agreement no later than the first day of employment Avanade usesE Verify to confirm the work authorization status of all new employees  Additionally  particularly during the first three months  Avanade  nc  will closely evaluate your technical skills and business capabilities to confirm your fit for this job

You represent and warrant that by accepting this offer of employment with Avanade  you are not violating any obligation  including but not limited to a non competition agreement  to a previous employer or any entity with which you have had a relationship as an employee or a contractor

 n accepting this offer  you acknowledge the consumer disclosure and authorization form signed by you as part of the application process  Accordingly  you understand that under the terms of that  authorization  Avanade is free to perform additional consumer background checks  as set forth in the Fair Credit Reporting Act  throughout the course of your employment with Avanade

We look forward to your contribution to the success of Avanade and hope  you will agree to join us  Should you have any questions  please call Amber Simon at 206 453 6922 This offer is valid  for seven days from the date of this letter and after that period will expire

*Please be advised that Avanade reserves the right to revoke this offer at any time for any reason, including but not limited to, a rapidly changing business climate*

Sincerely

Avanade  nc

**Signature**

 have read and accept this employment offer

DocuSigned by:

*Madison Laird*

99562C9548034C9...

Madison Laird

20 Oct 2020

AVANADE0053

# EXHIBIT B

1    JOAN B. TUCKER FIFE (SBN: 144572)
     jfife@winston.com
2    WINSTON & STRAWN LLP
     101 California Street, 35th Floor
3    San Francisco, CA 94111-5894
     Telephone: (415) 591-1000
4    Facsimile: (415) 591-1400

5    TRISTAN R. KIRK (SBN: 313262)
     tkirk@winston.com
6    WINSTON & STRAWN LLP
     333 S. Grand Avenue, 38th Floor
7    Los Angeles, CA 90071-1543
     Telephone: (213) 615-1700
8    Facsimile: (213) 615-1750

9
     Attorneys for Defendant
10   AVANADE INC.

11                        SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                              FOR THE COUNTY OF SAN FRANCISCO

13

14
     MADISON LAIRD, individually, and on     Case No. CGC-23-607346
15   behalf of all others similarly situated,
                                             **DEFENDANT AVANADE INC.'S ANSWER
16                     Plaintiff,            TO PLAINTIFF MADISON LAIRD'S
                                             CLASS ACTION COMPLAINT**
17         vs.

18   AVANADE INC., a Washington corporation; Complaint filed: June 28, 2023
     and DOES 1 through 10, inclusive,
19
                       Defendants.
20

21

22

23

24

25

26

27

28

1  Defendant Avanade Inc. ("Defendant") hereby answers the Complaint of Plaintiff Madison

2  Laird ("Plaintiff") in the above-captioned matter, for itself and for no other individual or entity, as

3  follows:

4  ## GENERAL DENIAL

5  Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally and

6  specifically denies each and every allegation contained in Plaintiff's Complaint. Defendant further

7  denies that Plaintiff is entitled to any relief, and denies that Plaintiff is damaged in the nature alleged,

8  or in any other manner, or at all. Further, Defendant denies that Plaintiff has sustained any injury,

9  damage, or loss by reason of any conduct, action, error, or omission on the part of Defendant, or any

10  agent, employee, or any other person acting under Defendant's authority or control.

11  ## AFFIRMATIVE DEFENSES

12  As separate and additional defenses against each of Plaintiff's purported causes of action,

13  without conceding that it bears the burden of proof or persuasion as to any of the issues raised in these

14  defenses, Defendant alleges as follows:

15  ## FIRST AFFIRMATIVE DEFENSE

16  ### (Failure to State Facts Sufficient to State a Cause of Action)

17  Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to

18  state facts sufficient to constitute a cause of action and/or fails to state facts sufficient to constitute a

19  claim upon which relief can be granted against Defendant.

20  ## SECOND AFFIRMATIVE DEFENSE

21  ### (Statutes of Limitation)

22  Plaintiff's claims are barred, in whole or in part, by operation of applicable statutes of

23  limitation, including but not limited to, 15 U.S.C. 1681p, Cal. Civ. Code § 1785.33, Cal. Civ. Code §

24  1786.52, and all other applicable limitations, statutes and requirements.

25  ## THIRD AFFIRMATIVE DEFENSE

26  ### (FCRA Compliance)

27  Defendant has fully complied with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

28  ("FCRA"), and is entitled to each and every defense and limitation of liability provided by the

1  FCRA.

2  ## FOURTH AFFIRMATIVE DEFENSE

3  ### (ICRAA Compliance)

4  Defendant has fully complied with the California Investigative Consumer Reporting

5  Agencies Act, Cal. Civ. Code § 1786, *et seq.* ("ICRAA"), and is entitled to each and every defense

6  and limitation of liability provided by the ICRAA.

7  ## FIFTH AFFIRMATIVE DEFENSE

8  ### (Reasonable Procedures)

9  Plaintiff's claims are barred because at all relevant times, Defendant maintained reasonable

10  procedures to assure compliance with the FCRA and ICRAA.

11  ## SIXTH AFFIRMATIVE DEFENSE

12  ### (Substantial Compliance)

13  Although Defendant specifically denies that any violation of the FCRA or ICRAA occurred,

14  to the extent that any violation occurred, Defendant substantially complied with the FCRA and

15  ICRAA.

16  ## SEVENTH AFFIRMATIVE DEFENSE

17  ### (Not Willful)

18  Although Defendant specifically denies that any violation of the FCRA occurred, to the

19  extent that any violation occurred, said violation was not willful within the meaning of 15 U.S.C. §

20  1681n.

21  ## EIGHTH AFFIRMATIVE DEFENSE

22  ### (Due Process)

23  The relief requested by Plaintiff violates Defendant's constitutional rights under provisions

24  of the United States and California Constitutions, including but not limited to, the due process

25  clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

26  ## NINTH AFFIRMATIVE DEFENSE

27  ### (Contribution by Plaintiff's and/or the Putative Class's Own Acts)

28  If the injuries and/or damages alleged in the Complaint occurred, such injuries were

proximately caused by and/or were contributed to by Plaintiff and/or putative class members' own acts and/or failure to act.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance on Law)

Plaintiff's claims are barred, in whole or in part, because all of Defendant's acts or omissions complained of by Plaintiff were in good faith and in conformity with, and in reliance on, an administrative regulation, order, ruling, approval and interpretation of applicable state and/or federal law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiff's claims and the claims of the putative class members are barred to the extent they released or waived the claims asserted in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Res Judicata* and Collateral Estoppel)

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrine of *res judicata* and/or collateral estoppel, including, but not limited to, the doctrines of issue preclusion and claim preclusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Warranting Class Certification)

This action should not be certified as a class action because Plaintiff failed to allege facts sufficient to warrant class certification.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Class Relief)

Plaintiff cannot maintain class action claims, including because Plaintiff is not adequate class representative and Plaintiff cannot assert claims on behalf of the putative class due to his conflicts with the class he purports to represent.

//

DEFENDANT AVANADE, INC.'S ANSWER TO PLAINTIFF MADISON LAIRD'S CLASS ACTION COMPLAINT

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2

**(Predominance of Individual Issues)**

3

A class cannot be certified because individual claims and defenses predominate over

4

common questions of law and fact.

5

**SIXTEENTH AFFIRMATIVE DEFENSE**

6

**(Insufficiently Ascertainable Putative Class)**

7

The putative class members are insufficiently certain for this action to be appropriately

8

certified as a class action.

9

**SEVENTEENTH AFFIRMATIVE DEFENSE**

10

**(Waiver)**

11

Plaintiff's Complaint, and each purported cause of action therein, is barred, in whole or in

12

part, by the equitable doctrine of waiver.

13

**EIGHTEENTH AFFIRMATIVE DEFENSE**

14

**(Estoppel)**

15

Plaintiff's Complaint and each purported cause of action therein, is barred, in whole or in

16

part, by the equitable doctrine of estoppel.

17

**NINETEENTH AFFIRMATIVE DEFENSE**

18

**(Laches)**

19

Plaintiff's Complaint, and each purported cause of action therein, is barred, in whole or in

20

part, by the equitable doctrine of laches.

21

**TWENTIETH AFFIRMATIVE DEFENSE**

22

**(Unclean Hands)**

23

Plaintiff's Complaint, and each purported cause of action therein, is barred, in whole or in

24

part, by the equitable doctrine of unclean hands.

25

**TWENTY-FIRST AFFIRATIVE DEFENSE**

26

**(Accord and Satisfaction)**

27

Plaintiff's claims and those of some putative class members may be barred, in whole or in

28

part, by accord and satisfaction.

DEFENDANT AVANADE, INC.'S ANSWER TO PLAINTIFF MADISON LAIRD'S CLASS ACTION COMPLAINT

1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2

**(Not Knowing, Willful, or Intentional)**

3     Plaintiff's claims are barred, in whole or in part, because Defendant's conduct as alleged in

4     the Complaint was not knowing, willful or intentional.

5

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

6

**(Failure to Mitigate Damages)**

7     If Plaintiff has suffered any damages as a result of the facts alleged in the Complaint, which

8     Defendant denies, Plaintiff, and any putative class members, are not entitled to recover the amount

9     of damages alleged, or any damages, due to the failure to make reasonable efforts to mitigate or

10    minimize the damages incurred.

11

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

12

**(Performance of Duties and Obligations)**

13    Defendant is informed and believes and thereon alleges that it has performed and fully

14    discharged all obligations and legal duties to Plaintiff and the putative class pertinent to the matters

15    alleged in Plaintiff's Complaint.

16

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

17

**(No Entitlement to Pre-Judgment Interest)**

18    Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to

19    state facts sufficient to entitle Plaintiff to an award of pre-judgment interest.

20

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21

**(No Entitlement to Attorneys' Fees)**

22    Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to

23    allege facts sufficient to establish a claim for attorneys' fees.

24

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

25

**(No Entitlement to Statutory Penalties)**

26    To the extent Plaintiff seeks statutory penalties for alleged acts or omissions, Defendant's

27    acts or omissions, if any, were made in good faith and Defendant had reasonable grounds for

28    believing that the act or omission, if any, was not a violation of applicable law.

1    <u>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</u>

2    **(Punitive Damages)**

3    Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to

4    allege facts sufficient to establish a claim for punitive damages.

5    <u>**TWENTY-NINTH AFFIRMATIVE DEFENSE**</u>

6    **(Good Faith Dispute)**

7    Plaintiff's claims are barred, in whole or in part, because a good faith dispute exists as to

8    whether Plaintiff and/or any putative class member are owed any civil and/or statutory penalties.

9    <u>**THIRTIETH AFFIRMATIVE DEFENSE**</u>

10    **(Other Affirmative Defenses)**

11    Defendant currently has insufficient knowledge or information on which to form a belief as

12    to whether it may have additional, as yet unstated, defenses available. Defendant expressly reserves

13    the right to assert additional affirmative defenses in the event discovery indicates they would be

14    appropriate.

15    <u>**PRAYER**</u>

16    WHEREFORE, Defendant prays for judgment in its favor be entered as follows:

17        1.    That Plaintiff take nothing by his Complaint;

18        2.    That the Complaint be dismissed in its entirety, with prejudice, and judgment be entered

19            in favor of Defendant on all causes of action;

20        3.    That Defendant be awarded its attorneys' fees and costs of suit; and

21        4.    For such other and further relief as this Court may deem proper.

22

23    Dated:  August 18, 2023          WINSTON & STRAWN LLP

24

25                     By: _____

26                          Joan B. Tucker Fife
                      Tristan R. Kirk
                      Attorneys for Defendant
                      AVANADE INC.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

**Superior Court of California, County of San Francisco**

**Case No. CGC-23-607346**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840.  On August 18, 2023, I served the following document:

**DEFENDANT AVANADE INC.'S ANSWER TO PLAINTIFF MADISON LAIRD'S CLASS ACTION COMPLAINT**

 by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

 **ECF / ESP:**  by electronically transmitting copy(ies) of the above-listed document(s) to the recipient(s) set forth below via a court-approved Electronic Service Provider (ESP), which electronically transmits the document(s) and/or sends electronic notice of service with hyperlink(s) to the document(s) via the electronic mail system, in accordance with Code of Civil Procedure section 1010.6, requiring electronic service or the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251 or court order.

Kane Moon
Kane.moon@moonyanglaw.com
Allen Feghali
Allen.feghali@moonyanglaw.com
Jacquelyne P. VanEmmerik
Jacquelyne.vanemmerik@moonyanglaw.com
MOON & YANG, APC
1055 W. Seventh St., Ste. 1880
Los Angeles, CA  90017

**Attorneys for Plaintiff**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed: _____

Peter Struble

Dated:    August 18, 2023

**File & ServeXpress Transaction Receipt**

| | |
|---|---|
| **File & ServeXpress Transaction ID:** | 70673199 |
| **Submitted by:** | Sarai Jimenez, First Legal Network |
| **Authorized by:** | Joan B Tucker Fife, WINSTON & STRAWN LLP |
| **Authorize and file on:** | Aug 18 2023 1:49PM PDT  ℹ |
| **Time received by San Francisco County:** | Pending ℹ |

| | |
|---|---|
| **Court:** | CA Superior Court County of San Francisco-Civil |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil-Complex Litigation |
| **Case Type:** | Complex Litigation |
| **Case Number:** | CGC-23-607346 |
| **Case Name:** | Laird, Madison vs Avanade Inc et al |

| | |
|---|---|
| **Transaction Option:** | File Only |
| **Billing Reference:** | 6017448 |
| **Read Status for e-service:** | N/A |

**Documents List**

**1 Document(s)**

**Attached Document, 8 Pages**

| Document Type:<br>Answer (w/ Complex Litigation Fee) | Access:<br>Public | Statutory Fee:<br>$1,435.00 | Linked: |
|---|---|---|---|
| **Document title:**<br>DEFENDANT AVANADE INC.S ANSWER TO PLAINTIFF MADISON LAIRDS CLASS ACTION COMPLAINT | | | |

Expand All

⊟ **Sending Parties (1)**

| Party ▲ | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Avanade Inc (pending) | Defendant | Tucker Fife, Joan B | WINSTON & STRAWN LLP | Attorney in Charge |

⊟ **Recipients (0)**

⊟ Service List (0)

| Delivery Option | Party ▲ | Party Type | Attorney | Firm | Attorney Type | Method |
|---|---|---|---|---|---|---|
| | | | No selections made. | | | |

⊟ Additional Recipients (0)

⊞ **Case Parties**

[ Close ]

**About File & ServeXpress (http://www.fileandservexpress.com/about-us)** | **Resource Center (https://resourcecenter.fileandservexpress.com/resourcecenterwebui/default.aspx?ut=TP)** | **FAQs (/FSXMasterPage/FAQ)** | **Terms & Conditions (https://secure.fileandservexpress.com/agreement.htm?v=20200905)** | **Privacy (http://www.fileandservexpress.com/privacy)** | **Client Support**

© 2023 File & ServeXpress, LLC. All rights reserved.

# EXHIBIT C

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kane Moon (SBN249834), Allen Feghali(SBN 301080)<br>MOON LAW GROUP, PC<br>1055 W. 7th Street, Suite 1880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-232-3128   FAX NO. *(Optional):* 213-232-3125<br>E-MAIL ADDRESS: kmoon@moonlawgroup.com;afeghali@moonlawgroup<br>ATTORNEY FOR *(Name):* Plaintiff: Madison Laird | FOR COURT USE ONLY<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>Superior Court of California,<br>County of San Francisco<br><br>**06/28/2023**<br>**Clerk of the Court**<br>BY: MARK UDAN<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: San Francisco Superior Court

CASE NAME: Laird v. Avanade, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **CGC-23-607346** |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
   issues that will be time-consuming to resolve      courts in other counties, states, or countries, or in a federal
   c. [X] Substantial amount of documentary evidence      court
                                                        f. [X] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):*  a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):*  3
5. This case [X] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/28/2023

Kane Moon                                                   ▶            *(signature)*
_____                                    _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | CEB Essential<br>ceb.com Forms | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition



1   Kane Moon (SBN 249834)
        E-mail: kmoon@moonlawgroup.com
2   Allen Feghali (SBN 301080)
        E-mail: afeghali@moonlawgroup.com
3   Jacquelyne VanEmmerik (SBN 339338)
        E-mail: jvanemmerik@moonlawgroup.com
4   **MOON LAW GROUP, PC**
    1055 W. Seventh St., Suite 1880
5   Los Angeles, California 90017
    Telephone: (213) 232-3128
6   Facsimile: (213) 232-3125

7   Attorneys for Plaintiff Madison Laird

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/28/2023**
**Clerk of the Court**
BY: MARK UDAN
Deputy Clerk

8   ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   ### FOR THE COUNTY OF SAN FRANCISCO

**CGC-23-607346**

10

11  MADISON LAIRD, ion behalf of himself,
    all others similarly situated,

12          Plaintiff,

13
        vs.
14

15  AVANADE, INC., a Washington corporation;
    and DOES 1 through 10, inclusive,

16

17          Defendants

Case No.:

CLASS ACTION

**PLAINTIFF'S APPLICATION FOR COMPLEX DESIGNATION**

Plaintiff Madison Laird individually, and on behalf of all others similarly situated, hereby submit the following application for complex designation. This action should be assigned to the Complex Litigation Department in accordance with the factors set forth in California Rule of Court 3.400 et seq. for the reasons set forth below.

### 1.  Cass Action Provisional Designation As Complex Case

Plaintiff's action is a putative class action and is thus entitled to provisional designation as a complex case within the meaning of California Rule of Court 3.400(c). Per the Court's request, a copy of the putative class action complaint is attached. Plaintiff has previously paid the complex filing fee.

### 2.  Numerous Pretrial Motions Raising Difficult Or Novel Legal Issues That Will Be Time-Consuming To Resolve

Plaintiff was employed by Defendant as non-exempt hourly-paid employees. While employed by Defendant, Plaintiff allege that he and the Putative Class were not paid all minimum wages. Plaintiff further contend there is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Plaintiff contend there exists questions of law and fact common to the Class that predominate over questions that may affect individual class members, including common questions arising from Defendant's minimum wages pay policy and practices.

In light of these allegations, Plaintiff anticipates the need for a difficult and time-consuming precertification and pretrial motion to compel discovery of names and contact information for putative class members, and anticipates Court required supervision of the release of putative class member contact information in accordance with the discovery notice and opt-out contact information release procedures set forth in *Belaire-West Landscape, Inc. v. Superior Court,* 149 Cal. App. 4th 554 (2007).  Plaintiff anticipates the need for a difficult and time-consuming pre-trial motion for class certification based upon a well-defined community of interest in questions of law and fact common to the putative class arising from Defendant's failure to comply with minimum wage ordinances. Plaintiff further anticipates a difficult and time-consuming pre-trial motion for decertification filed by Defendant in the event Plaintiff's

request for class certification is granted.

**3. Management Of A Large Number Of Witnesses Or A Substantial Amount Of Documentary Evidence**

Plaintiff anticipates a substantial number of documents to be produced and analyzed regarding Defendant's minimum wages policy and actual non-payment of minimum wages to individual class members. Specifically, Plaintiff anticipates production and analysis of all time and payroll records for hundreds, if not thousands of employees. Plaintiff further anticipates collecting declarations from these individuals, and deposing individuals from whom Defendant obtains declarations.

**4. Substantial Post-Judgment Judicial Supervision**

Plaintiff anticipates the need for substantial post-class certification supervision of class notice and opt-out procedures, and the potential need for post-certification Court approved class settlement procedures, including procedures regarding class notice, fairness objection, and opt-out procedures. Plaintiff anticipates the need for substantial post-judgment Court supervision pertaining to claims administration and distribution of class damages to class members located throughout California.

**5. Conclusion**

Based on the foregoing, Plaintiff respectfully requests that this matter be deemed complex.

Dated: June 28, 2023                     Respectfully submitted,

                                         MOON LAW GROUP, PC

                              By: _____
                                         Kane Moon
                                         Allen Feghali
                                         Jacquelyne VanEmmerik
                                         Attorneys for Plaintiff

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **NOV 29, 2023**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

MADISON LAIRD

**Department 304**

PLAINTIFF (S)

VS.

**NO.: CGC-23-607346**

AVANADE, INC. et al

**Order Granting Complex Designation and for Single Assignment**

DEFENDANT (S)

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The Application for Approval of Complex Designation filed Jun-28-2023, in the above-entitled action, is GRANTED.  Complex Designation is APPROVED and this action is singly assigned for all purposes.

The CASE MANAGEMENT CONFERENCE previously set for Nov-29-2023 in Department 610 is canceled.

It is hereby ordered that this entire action be assigned for all purposes to the Complex Litigation Department, Judge Ethan P. Schulman, Department 304, of the California Superior Court for the County of San Francisco at 400 McAllister Street, San Francisco, CA 94102.

A case management conference is set for Sep-07-2023 at 9:00 am in Department 304.  A JOINT case management statement must be filed and an endorsed copy thereof delivered to Department 304 no later than five (5) court days prior to the case management conference.  All court dates must be reserved in advance with the Clerk of the Court.  The Clerk of the Court in Department 304 may be contacted at (415) 551-3729.

All counsel should read and be familiar with the department procedures, which are located online at: https://sf.courts.ca.gov/divisions/civil-division/complex-civil-litigation.

Any pending motions previously set for hearing in the Law and Motion or Discovery Departments should be taken off calendar and the papers forwarded to Department 304 for possible re-setting at the time of the case management conference.

Counsel for plaintiff shall provide a copy of this order and notice to all counsel of record and/or parties In Propria Persona that are not listed in the attached certificate of service.

This case is now subject to mandatory e-filing and e-service pursuant to Local Rule 2.11.  For e-filing registration, training information and service list assistance, contact the Court's approved e-filing & e-service provider at (888)529-7587.

DATED:  JUL-14-2023

Ethan P. Schulman

JUDGE

Order Granting Complex Designation and for Single Assignment
Form 000015

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JUL-14-2023 I served the attached Order Granting Complex Designation and for Single Assignment by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  JUL-14-2023                          By: ERICKA LARNAUTI

KANE MOON (249834)
MOON LAW GROUP, PC
1055 W. SEVENTH ST.
SUITE 1880
LOS ANGELES, CA  90017

CERTIFICATE OF SERVICE BY MAIL
Form 000015

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*<br>  Kane Moon (SBN 249834); Allen Feghali (SBN 301080);<br>  Jacquelyne P. VanEmmerik (SBN 339338);<br>  **MOON & YANG, APC**<br>  1055 West Seventh Street, Suite 1880, Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 232-3128 | FAX NO. (213) 232-3125 | E-MAIL ADDRESS kmoon@moonlawgroup.com;<br>      afeghali@moonlawgroup.com; jvanemmerik@moonlawgroup.com;<br>ATTORNEY FOR *(Name)*: Plaintiff MADISON LAIRD | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

STREET ADDRESS: 400 McAllister Street

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME: CIVIC CENTER COURTHOUSE

*(right column)*
ELECTRONICALLY

**FILED**

*Superior Court of California,*
*County of San Francisco*

**07/24/2023**
Clerk of the Court
BY: YOLANDA TABO
Deputy Clerk

| | |
|---|---|
| PLAINTIFF/PETITIONER: MADISON LAIRD, on behalf of himself, all others similarly situated<br>DEFENDANT/RESPONDENT: AVANADE, INC., a Washington corporation | CASE NUMBER:<br>CGC-23-607346 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:   2208374AS |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross-Complaint
   - f. ☑ other *(specify documents)*: **Plaintiff's Application for Complex Designation; Notice to Plaintiff**

3. a. Party served *(specify name of party as shown on documents served)*:
   **AVANADE, INC., a Washington corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **CT Corporation System, Agent for Service of Process by serving Sarai Marin - Intake Specialist**

4. Address where the party was served:  **330 North Brand Boulevard, Suite 700**
   **Glendale, CA 91203**

5. I served the party *(check proper box)*
   - a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **7/19/2023**   (2) at *(time)*: **12:25 PM**
   - b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:   from *(city)*:                              **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Plaintiff: **MADISON LAIRD, on behalf of himself, all others similarly situated**

Defendant: **AVANADE, INC., a Washington corporation**

CASE NUMBER:
**CGC-23-607346**

---

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **AVANADE, INC., a Washington corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                ☐ other:

7. **Person who served papers**
    a. Name: **Bello Gusau - Ace Attorney Service, Inc.**
    b. Address: **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**
    c. Telephone number: **(213) 623-3979**
    d. **The fee** for service was: **$116.50**
    e. I am:

      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ registered California process server:
        (i) ☐ owner    ☑ employee    ☐ independent contractor.
        (ii) Registration No.: **2019231784**
        (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **7/23/2023**

---

        **Bello Gusau**                    ▶                    
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (Signature - Per CC §1633.7)