Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Jacquelyne VanEmmerik (SBN 399388)
**MOON LAW GROUP, P.C.**
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
Email: kmoon@moonlawgroup.com
Email: afeghali@moonlawgroup.com
Email: jvanemmerik@moonlawgroup.com

Attorneys for Plaintiff, *Madison Laird*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON LAIRD, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>AVANADE INC., a Washington corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 3:23-cv-04237-CRB<br><br>[Honorable Charles R. Breyer, Courtroom 6]<br><br>**ORDER GRANTING PLAINTIFF MADISON LAIRD'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Filed with Plaintiff Madison Laird's Notice of Motion and Motion for Preliminary Approval, Declaration of Kane Moon, and Declaration of Lisa Mullins of ILYM Group, Inc.]<br><br>Date: December 12, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6<br><br>Complaint filed: June 28, 2023<br>Trial date: Not set |

---

ORDER GRANTING PLAINTIFF MADISON LAIRD'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1    The Court has before it the unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") of Plaintiff Madison Laird ("Plaintiff"). Having reviewed the Notice of Motion, Motion, Declaration of Kane Moon, and Joint Stipulation of Class Action Settlement ("Settlement") between Plaintiff and Defendant Avanade Inc. ("Defendant"), and good cause appearing, **THE COURT HEREBY ORDERS AS FOLLOWS**:

    1.    The Settlement, attached to the Declaration of Kane Moon in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement as **Exhibit 1**, appears to meet the requirements for preliminary approval under Federal Rule of Civil Procedure 23(e) because it appears to be fair, adequate, and reasonable. The Settlement appears to be fair, adequate, and reasonable because it is the result of good faith, non-collusive negotiations between Plaintiff and Defendant (together, the "Parties"), as well as significant discovery and analysis, which enabled the Parties to intelligently evaluate, litigate, and mediate the allegations. The Settlement also appears to be fair, adequate, and reasonable because it provides sufficient relief to the Class and obviates the need for further litigation, including litigation related to class certification, liability, and damages, and the substantial costs, delay, and risks associated with such litigation.

    2.    The Settlement states that Defendant will pay a Gross Settlement Amount of $300,000.00 and that the Gross Settlement Amount will be used to pay all payments contemplated by the Settlement without exception, including, the Individual Class Payments to Participating Class Members; the Class Counsel Expenses Payment in an amount not to exceed $20,000.00; the Class Counsel Fees Payment in an amount not to exceed one-third of the Gross Settlement Amount, or $100,000.00; the Class Representative Service Payment in an amount not to exceed $7,500.00; and the

Administration Expenses Payment in an amount not to exceed $25,000.00. (Settlement, ¶¶ 3.1, *et seq*.) These terms appear to fall within the range of reasonableness of a settlement which could ultimately be granted final approval by this Court.

3.  The Class includes all current and former employees of Defendant who were hired in the United States at any time during the period from June 18, 2018, through April 27, 2025. (Settlement, ¶ 1.4.) The Class is provisionally certified, for settlement purposes only, because it appears to meet the requirements for certification under Federal Rule of Civil Procedure 23(e). In particular, (1) the Class is so numerous that joinder is impractical; (2) the Class shares common questions of law and fact, which predominate over individual issues; (3) Plaintiff's claims are typical of the claims of the Class; (4) Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court notes that Class Members who do not request exclusion from the Settlement may object thereto and raise their objections at the Final Approval Hearing on the Settlement.

4.  Effective on the date Defendant fully funds the entire Gross Settlement Amount, Plaintiff and Participating Class Members will release claims against all Released Parties as follows:

   a) **Released Parties** means Defendant and Accenture LLP, and all of their former, present or future parents, subsidiaries, and/or affiliates; each of the foregoing's present, former, or future owners, directors, officers, shareholders, partners, managing agents, employees, insurers, successors, predecessors, contractors, members, stockholders, representatives, benefit plan fiduciaries,

and assigns; any and all agents, legal representatives, and/or attorneys of all of the foregoing entities or individuals; and any entities or individuals alleged to be joint employers with Avanade Inc. and/or Accenture LLP. (Settlement, ¶ 1.31.)

  **b)**  **Plaintiff's Release.** Other than described in section 5.0.1 below, Plaintiff fully and finally releases and discharges the Released Parties from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected ("claim(s)") which Plaintiff at any time heretofore had or claimed to have or which Plaintiff may have or shall in the future claim to have, including, without limitation, any and all claims related or in any manner incidental to Plaintiff's employment with Defendant. Plaintiff understands that he is releasing potentially unknown claims, and that Plaintiff may have limited knowledge with respect to some of the claims being released. Plaintiff acknowledges that there is a risk that, after signing this Agreement, Plaintiff may learn information that might have affected Plaintiff's decision to enter into this Agreement. Plaintiff assumes this risk and all other risks of any mistake in entering into this Agreement. Plaintiff agrees that this Agreement is fairly and knowingly made. Plaintiff represents and warrants that Plaintiff has all necessary authority to enter into this Agreement (including, if Plaintiff is married, on behalf of Plaintiff's marital community) and that Plaintiff has not transferred any interest in

any claims to any spouse or to any other third party. The Parties understand the word "claim(s)" to include all actions, complaints, claims, and grievances, whether actual or potential, known or unknown, and specifically but not exclusively, all claims arising out of Plaintiff's employment with Defendant including, but not limited to, any and all claims under the Fair Employment and Housing Act, Age Discrimination in Employment Act, Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964. This will also include a release of any and all claims, known or unknown, contingent or accrued arising out of any act or event that occurred prior to execution of the release, including a California Civil Code section 1542 waiver (collectively, "Plaintiff's Released Claims"). (Settlement, ¶¶ 5.0 *et seq.*)

    a)    **Release by Participating Class Members:** All Participating Class Members, including Plaintiff, fully and finally release and discharge the Released Parties from any and all claims which were or could have been asserted against the Released Parties based upon, arising out of, or relating to the facts or allegations set forth in any complaint in the Action (including any subsequently amended complaints), including but not limited to claims for violations of background check requirements; violations of background check notice requirements; violations of background check authorization requirements; violations of consumer report requirements; violations of investigative consumer report

requirements; violations of credit check requirements; unfair business practices; willful violations for any or all of the foregoing; restitution for any or all of the foregoing; any penalties, including statutory and civil penalties, related to any or all of the foregoing; attorneys' fees or costs related to any or all of the foregoing; interest related to any or all of the foregoing; and/or any other damages or amounts related to any or all of the foregoing. This release includes, but is not limited to, claims pursuant to the Fair Credit Reporting Act (15 U.S.C. §§ 1681, *et seq*.), the California Investigative Consumer Reporting Agencies Act (California Civil Code §§ 1786 *et seq*.), and California Business & Professions Code §§ 17200 *et seq*. (Settlement, ¶ 5.1.)

5. For settlement purposes only, the proposed Class Notice is adequate as to form and content, and the plan for distribution of the Class Notice to Class Members satisfies Due Process, provides the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Class Notice is attached to the Settlement as **Exhibit A**.

6. The Class Representative appointed for this matter is Plaintiff Madison Laird, and the Class Representative Enhancement Payment, which is not to exceed $7,500.00, is preliminarily approved. (*Id.* at ¶ 1.14.)

7. Class Counsel appointed for this matter is Moon Law Group, P.C. (*Id.* at ¶ 1.5.) The Class Counsel Fees Payment, which is not to exceed one-third of the Gross Settlement Amount, or $100,000.00, and Class Counsel Expenses Payment, which is not to exceed $20,000.00, are preliminarily approved. (Settlement, ¶ 3.1.2.)

8.  The Administrator appointed for this matter is ILYM Group, Inc. (Settlement, ¶ 1.3.) The Administration Expenses Payment, which is not to exceed $25,000.00, is preliminarily approved. (*Id.* at ¶ 3.1.3.)

9.  A Final Approval Hearing on the question of whether the Settlement terms are fair, adequate, and reasonable as to the Participating Class Members, is hereby set in accordance with the following Implementation Schedule:

| | |
|---|---|
| Defendant to provide Class Data to the Administrator | No later than twenty-eight (28) calendar days of Preliminary Approval (*Id.* at ¶ 6.1) |
| Administrator to mail the Class Notice by First Class Mail | No later than fourteen (14) calendar days of receipt of the Class Data from Defendant (*Id.* at ¶ 6.3) |
| Response Deadline | Forty-five (45) calendar days after the date the Class Notice is mailed to Class Members via First-Class U.S. Mail (*Id.* at ¶ 6.4.1) |
| Deadline to file Motion for Final Approval | No later than twenty-one (21) days prior to the Final Approval Hearing |
| Final Approval Hearing | _____, 2026 at _____ ____ in Courtroom 6 of the Northern District of California |

10.  If any of the dates in the above schedule fall on a weekend, or bank or court holiday, the time to act shall be extended to the next business day.

11. Pending further order of this Court, all proceedings in this Action, except those contemplated herein and in the Settlement, are stayed.

12. Neither the Settlement nor any related document shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement.

13. The Settlement is preliminarily approved but is not an admission by Defendant of the validity of any claims in this Action or of any wrongdoing or violation of law by Defendant.

14. The obligations set forth in the Settlement are deemed part of this Order. The Parties are to carry out the Settlement in accordance with its terms.

15. At the Final Approval Hearing, the Court will hear all evidence and arguments necessary to evaluate the Settlement, will consider Plaintiff's request for the Class Representative Enhancement Payment and the Class Counsel Fees and Expenses Payment. Class Members and their counsel may support or oppose the Settlement and the Motion for an award of the Class Counsel Fees and Expenses Payment, in accordance with the procedures set forth in the Class Notice and this Order.

16. As outlined in the Settlement, any Class Member may appear at the Final Approval Hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the Motion for awards of the Class Representative Enhancement Payment and/or the Class Counsel Fees and Expenses Payment. For any written comments or objections to be considered at the Hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court.

///

17. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members.

18. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

DATE: __December 19, 2025__ 

_____
Honorable Charles R. Breyer,
Judge of the Northern District of California

ORDER GRANTING PLAINTIFF MADISON LAIRD'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT