Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Jacquelyne VanEmmerik (SBN 339338)
**MOON LAW GROUP, P.C.**
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
Email: kmoon@moonlawgroup.com
Email: afeghali@moonlawgroup.com
Email: jvanemmerik@moonlawgroup.com

Attorneys for Plaintiff MADISON LAIRD

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MADISON LAIRD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVANADE INC, a Washington corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-04237-CRB<br><br>[Assigned to Hon. Charles R. Breyer, Courtroom 6]<br><br>**~~[PROPOSED]~~ ORDER:**<br><br>**1. CERTIFYING SETTLEMENT CLASS;**<br>**2. FINALLY APPROVING PROPOSED SETTLEMENT;**<br>**3. AWARDING FEES AND COSTS TO CLASS COUNSEL;**<br>**4. AWARDING SERVICE PAYMENT TO PLAINTIFF; AND**<br>**5. DIRECTING ENTRY OF JUDGMENT**<br><br>Date: July 10, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6<br><br>Complaint filed: June 28, 2023<br>Trial date: Not set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff MADISON LAIRD ("Plaintiff") and Defendant Avanade Inc. ("Defendant") (Plaintiff and Defendant together, "the Parties") have reached a class action settlement involving claims asserted under the Fair Credit Reporting Act and related state law statutes.

Plaintiff has filed a motion for final approval of a class action settlement of the claims asserted against Defendant in this action, memorialized in the Joint Stipulation of Class Action Settlement (the "Settlement") (*see,* Declaration of Kane Moon in Support of Plaintiff's Motions for (1) Final Approval of Class Action Settlement and (2) Award for Attorneys' Fees and Costs, and Service Payment to Plaintiff ["Moon Decl."], Ex. 1) with attached Exhibits. In addition, Plaintiff concurrently filed a motion for an award of fees, costs, and class representative service payment, which was considered in conjunction with the motion for final approval.

The Settlement between the Parties provides that the Parties stipulate to certification of a Class for settlement purposes only. The Settlement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Settlement unless indicated otherwise. A summary of the terms of the Settlement is as follows:

- The Parties stipulate to Class certification for purposes of settling the Action only. (Settlement, ¶ 12.2.)
- The Class is: All current and former employees of Defendant who were hired in the United States at any time during the period from June 18, 2018, through April 27, 2025 (the "Class Period"). (*Id.* at ¶¶ 1.4, 1.12.) Excluded from the Settlement Class are all persons who properly and timely elect to opt out. (*Id.* at ¶ 1.25.)
- Defendant will pay $300,000.00 as the Gross Settlement Amount. (*Id.* at ¶ 3.0.)

- The Settlement is a ***non-reversionary*** settlement. (*Id.* at ¶ 3.0.)
- Each Participating Class Member will receive an equal share of the Net Settlement Amount. (*Id.* at ¶ 1.23.)
- For any Class Member whose Individual Class Payment check is uncashed and cancelled after 180 days from date of mailing (the "void date"), or for any Class Member whose envelope is returned and no forwarding address can be located for the Class member after reasonable efforts have been made, the Administrator shall transmit the funds represented by such checks to the California Controller's Unclaimed Property Fund in the name of the Class Member, thereby leaving no unpaid residue. (*Id.* at ¶¶ 4.1.1-4.13.)

After reviewing the Settlement and other related documents, and having heard the argument of Counsel for respective Parties, if any, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. For purposes of settlement, the requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2. The Parties' settlement appears to have been made and entered into in good faith and is hereby finally approved as fair, adequate, and reasonable, subject to the limitations on the requested fees and payments as set forth below.

3. The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

All current and former employees of Defendant who were hired in the

United States at any time during the period from June 18, 2018, through April 27, 2025.

Participating Class Members are those who did not submit a valid and timely Request for Exclusion. Based on the Declaration of Nathalie Hernandez on behalf of ILYM Group, Inc. ("ILYM"), 7 Class Members submitted a valid and timely Request for Exclusion pursuant to the Settlement. Accordingly, these 7 individuals are excluded from the Class, and there remains 4,716 Participating Class Members.

4. The distribution of the Class Notice directed to the Class Members as set forth in the Settlement and the Court's directions has been completed in conformity with the Preliminary Approval Order. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement terms as set forth in the Settlement, to all persons entitled to such Notice. The Class Notice fully satisfied the requirements of due process, having been sent to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and their opportunity to exclude themselves from, or object to, the Settlement.

5. By filing the motion for an award of attorneys' fees, costs, and service payment award, and by also permitting Class Members to object to those amounts through the hearing of the motion for final approval, Plaintiff has satisfied the notice and opportunity to respond requirements of *In re Mercury Interactive*, 816 F.3d 988 (9th Cir. 2010).

6. Plaintiff is confirmed as the Class Representative for settlement purposes. Moon Law Group, PC is confirmed as Class Counsel.

7. ILYM is confirmed as the Settlement Administrator, pursuant to the terms set forth in the Settlement. The Court hereby directs payment to the Administrator for fees and expenses, in the amount of **$20,550.00** to be paid pursuant to the Settlement's terms for such distribution. The Court finds that the Settlement Administrator has thus

far fully discharged its obligations as Settlement Administrator under the terms of the Settlement, and the Settlement Administrator is directed to complete the administration as set forth in the Settlement.

8. The Court hereby awards Class Counsel, Moon Law Group, PC **$76,594.86** in attorney's fees, equal to 30% of the net settlement amount, and **$19,133.80** in costs.

9. The Court hereby awards Class Representative Service Payment of **$5,000.00** to Plaintiff, to be paid in accordance with the terms of the Settlement. The Court finds that this amount is fair and reasonable in light of Plaintiff's services in support of the Action and executing a general release.

10. The Court directs payment to all Class Members pursuant to the terms of the Settlement.

11. The Court orders that a Qualified Settlement Fund, as defined in US Treasury Regulation § 468B-1, or other applicable law, shall be established to effectuate the terms of the Settlement and the orders of the Court.

12. Defendant shall pay a total of $300,000.00 to resolve this litigation. Defendant will fund the Gross Settlement Amount by transmitting such funds to the Administrator within 30 calendar days of the Effective Date.[1]

13. Class Members were given a full opportunity to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard. As of the date of this Order and Judgment, no Class Member has objected to the Settlement. Participating Class Members who did not timely object to the settlement set forth in the Settlement are barred from prosecuting or pursuing any appeal of the Final

---

[1] "Effective Date" means the date on which the Court's Final Approval Order and entry of Judgment become Final. (Settlement, ¶ 1.18.) "Final" shall mean the latest of: (i) if there is an appeal of the judgment, the date the Final Approval Order and Judgment are affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari; (ii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the Final Approval Order and Judgment are affirmed pursuant to such petition; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the Final Approval Order and Judgment. (*Id.*)

Approval Order and Judgment.

14. Effective on the date Defendant fully funds the entire Gross Settlement Amount, Plaintiff and Participating Class Members will release claims against all Released Parties as follows:

a. Released Parties. "Released Parties" means Defendant and Accenture LLP, and all of their former, present or future parents, subsidiaries, and/or affiliates; each of the foregoing's present, former, or future owners, directors, officers, shareholders, partners, managing agents, employees, insurers, successors, predecessors, contractors, members, stockholders, representatives, benefit plan fiduciaries, and assigns; any and all agents, legal representatives, and/or attorneys of all of the foregoing entities or individuals; and any entities or individuals alleged to be joint employers with Avanade Inc. and/or Accenture LLP.

b. Plaintiff's Release. Other than described in section 5.0.1 of the Settlement, Plaintiff fully and finally releases and discharges the Released Parties from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected ("claim(s)") which Plaintiff at any time heretofore had or claimed to have or which Plaintiff may have or shall in the future claim to have, including, without limitation, any and all claims related or in any manner incidental to Plaintiff's employment with Defendant. Plaintiff understands that he is releasing potentially unknown claims, and that Plaintiff may have limited knowledge with respect to some of the claims being released. Plaintiff acknowledges that there is a risk that, after signing this Agreement, Plaintiff may learn information that might have affected Plaintiff's decision to enter into this Agreement. Plaintiff assumes this risk and all other risks of any mistake in entering into this Agreement. Plaintiff agrees that this Agreement is fairly and

knowingly made. Plaintiff represents and warrants that Plaintiff has all necessary authority to enter into this Agreement (including, if Plaintiff is married, on behalf of Plaintiff's marital community) and that Plaintiff has not transferred any interest in any claims to any spouse or to any other third party. The Parties understand the word "claim(s)" to include all actions, complaints, claims, and grievances, whether actual or potential, known or unknown, and specifically but not exclusively, all claims arising out of Plaintiff's employment with Defendant including, but not limited to, any and all claims under the Fair Employment and Housing Act, Age Discrimination in Employment Act, Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964. This will also include a release of any and all claims, known or unknown, contingent or accrued arising out of any act or event that occurred prior to execution of the release, including a California Civil Code section 1542 waiver (collectively, "Plaintiff's Released Claims").

c. Release by Participating Class Members. All Participating Class Members, including Plaintiff, fully and finally release and discharge the Released Parties from any and all claims which were or could have been asserted against the Released Parties based upon, arising out of, or relating to the facts or allegations set forth in any complaint in the Action (including any subsequently amended complaints), including but not limited to claims for violations of background check requirements; violations of background check notice requirements; violations of background check authorization requirements; violations of consumer report requirements; violations of investigative consumer report requirements; violations of credit check requirements; unfair business practices; willful violations for any or all of the foregoing; restitution for any or all of the foregoing; any penalties, including statutory and civil

penalties, related to any or all of the foregoing; attorneys' fees or costs related to any or all of the foregoing; interest related to any or all of the foregoing; and/or any other damages or amounts related to any or all of the foregoing. This release includes, but is not limited to, claims pursuant to the Fair Credit Reporting Act (15 U.S.C. §§ 1681, *et seq*.), the California Investigative Consumer Reporting Agencies Act (California Civil Code §§ 1786 *et seq*.), and California Business & Professions Code §§ 17200 *et seq*. (collectively, the "Released Class Claims").

15. The Court directs that the Clerk of the Court enter the Court's Order as a Final Judgment. Plaintiff and Class Members shall take nothing from Defendant except as set forth in the Settlement and this Final Approval Order and Judgment.

16. Neither this Order, the Settlement, nor any related statements or proceedings shall be construed or deemed an admission of liability, culpability, damage or wrongdoing on the part of Defendant, or of the appropriateness of certification of the Class other than for settlement purposes.

17. In the event the Judgment is overturned, reversed, not affirmed in its entirety, or never becomes final, the Effective Date does not occur, or the Settlement is nullified or modified for any reason, Defendant does not waive any and all rights, including its right to oppose class certification. The Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the Settlement.

18. The Court orders that, without affecting the finality of the Final Approval Order and Judgment, it reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the Judgment.

19. Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for an Award of Attorneys' Fees and Costs, and Service Payment to

Plaintiff are hereby granted, and the Court directs that Judgment shall be entered in accordance with the terms of this Order.

20. The Court sets a Non-Appearance Hearing (Case Review) Re: Distribution on May 14, 2027 at 10:00 a.m. by Zoom. Class Counsel is ordered to file a final report and declaration regarding distribution no later than April 28, 2027.

**IT IS SO ORDERED.**

Dated: July 16, 2026

Honorable Charles R. Breyer
Judge of the Northern District of California